[Crim. No. 2798. First Dist., Div. Two. June 4, 1952.]

THE PEOPLE, Respondent, v. OSCAR JOHNSON, Appellant.

John E. Thorne for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn and Winslow Christian, Deputy Attorneys General, N. J. Menard, District Attorney, and Margaret Morten, Deputy District Attorney, for Respondent.

NOURSE, P. J.—This appeal is from an order denying defendant's motion for a new trial.

Defendant was tried to a jury on four separate counts charging possession of four distinct varieties of narcotics. Some weeks before the arrest of defendant a drugstore in the city of Santa Clara had been burglarized and a large quantity of narcotics was taken. When the arresting officers entered the home of the defendant he had in his possession several bottles and containers holding narcotics which he told the officers had been recently left with him by one Bowe. On the following day the officers made further search of defendant's home and, under his direction, found a box containing more narcotics hidden in his basement. Defendant's only explanation of his possession was that the narcotics had been brought to him for "identification."

Later on the same day two boys were arrested and charged with the burglary of the drugstore to which charge they subsequently pleaded guilty. Both were minors, one 18 years of age, the other 19. While awaiting trial in the county jail one of these boys named Bowe made a written statement, witnessed by the other, in which he said that he "understood" that arrangements had been made with the San Jose police department to trap defendant by delivering to him the stolen narcotics and then to notify the police so that an arrest could be made while the narcotics were in defendant's home. At the trial the two boys testified that they had been forced to

sign the statement, that it had been dictated in the county jail by the defendant, and that Bowe and his cosigner had been threatened with bodily harm by the defendant and his friends who surrounded him while the statement was dictated and written.

No issue can be made as to the sufficiency of the evidence showing possession of the narcotics. The only claim in that respect is that defendant was the victim of an entrapment. In proof of that defense he relies wholly upon the statement of the prisoner made in the county jail. But such statement was wholly repudiated by the signer in open court. It was for the jury to determine when that witness was speaking the truth. Since the jury believed his testimony as a witness there is no ground for the claim that the evidence of guilt was insufficient nor that there was evidence of entrapment. Out of court statements of one who later becomes a witness at the trial may be used for impeachment but they are not evidence of the facts contradicting the sworn testimony. We must hold that the evidence was sufficient to support the conviction and that since there was no substantial evidence of entrapment the proposed instruction on that issue was properly refused.

The charges of misconduct based upon reference to defendant as a member of the Negro race are too trivial for comment.

On his motion for a new trial defendant tendered an affidavit by another prisoner in the county jail at the time the ''entrapment'' statement was written and signed. The affiant denied that any pressure had been used on Bowe to force him to sign the former affidavit. The same testimony had been given at the trial by defendant and hence this affidavit was merely cumulative. No error exists in the order denying a new trial on this ground.

The order is affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 3, 1952.